IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS FLORES, | No. C 05-2066 MMC (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| EDWARD S. ALAMEIDA, | |
| Respondent. | (Docket No. 9) |

Petitioner, a California prisoner incarcerated at the California State Prison, Corcoran, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court ordered respondent to show cause why it should not be granted based on petitioner's six cognizable claims. Respondent has filed a motion to dismiss the petition as untimely. Although given an opportunity to do so, petitioner has not filed an opposition.

## BACKGROUND

In 2000, in Alameda County Superior Court, petitioner was convicted of first degree murder. Based on this conviction and a firearms enhancement, the trial court sentenced him to state prison for a term of 25 years to life plus five years. On March 25, 2003, the California Court of Appeal affirmed the conviction, and on June 11, 2003, the Supreme Court of California denied the petition for review.

On March 11, 2004, petitioner filed a petition for a writ of habeas corpus in this court. The petition was mixed in that it contained both exhausted and unexhausted claims. Consequently, by order filed November 22, 2004, the petition was dismissed with leave to amend. In that order, petitioner was informed that he could file an amended petition containing only his exhausted claims, receive a stay of the petition while he exhausted his

unexhausted claims, and later add the newly exhausted claims back into the petition. Petitioner was also informed that if he did not elect to pursue the foregoing option, the petition would be dismissed without prejudice to his filing a new petition once all of his claims had been exhausted. The Court cautioned petitioner, however, that such later-filed petition would be subject to AEDPA's statute of limitations. Petitioner nonetheless did not amend his petition, and it was dismissed without prejudice on January 31, 2005. Thereafter, on May 15, 2005,[1] petitioner filed the instant petition, which contains the same six claims as alleged in his earlier-filed federal petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

Here, the state courts' direct review of petitioner's conviction and sentence ended on June 11, 2003, when the Supreme Court of California denied his petition for review. The "time for seeking" direct review under 28 U.S.C. § 2244(d)(1)(A) includes, however, the ninety-day period within which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking" direct review expired on September 9, 2003, ninety days after June 11, 2003. One year later, on September 9, 2004, the limitations period

---

[1] Although the Clerk of the Court filed the petition on May 19, 2005, the petition is deemed filed on May 15, 2005. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (deeming pro se federal habeas petition filed when prisoner signs petition and presumably gives it to prison authorities for mailing).

[2] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See U.S.C. § 2244(d)(1)(B)-(D).

2

expired.  As noted, the instant petition is deemed filed in federal court on May 15, 2005, over eight months later.

Although the one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," see 28 U.S.C. § 2244(d)(2), petitioner did not file any such application in the state courts.  Petitioner's previous federal petition does not serve to toll the running of the limitations period under § 2244(d)(2) because it was not filed in state court.  Duncan v. Walker, 533 U.S. 167, 180-81 (2001).  In some instances, equitable tolling has been found where the petitioner's prior mixed federal petition was dismissed without his being informed of the opportunity to proceed with only his exhausted claims.  See Jefferson v. Budge, 419 F.3d 1013, 1017 (9th Cir. 2005); Tillema v. Long, 253 F.3d 494, 503-04 (9th Cir. 2001) (en banc); see also Ford v. Hubbard, 330 F.3d 1086, 1102 (9th Cir. 2003) (finding second petition related back to filing of earlier petition under Federal Rule of Civil Procedure 15(c) where dismissal of earlier mixed petition was improper), rev'd on other grounds sub nom. Pliler v. Ford, 542 U.S. 225 (2004); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000).  Here, however, petitioner was informed that he could so proceed, as well as that he could receive a stay while he exhausted his unexhausted claims in the state court, and that a subsequent habeas petition would be subject to AEDPA's statute of limitations.  Consequently, petitioner's prior federal petition was properly dismissed and does not provide a basis for equitable tolling.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DISMISSED.

This order terminates Docket No. 9.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 25, 2006

_____
MAXINE M. CHESNEY
United States District Judge